# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TOBY D. WILCOX,    CASE NO. 2:08-cv-318
                   JUDGE FROST
    Petitioner,    MAGISTRATE JUDGE ABEL

v.

PHILLIP KERNS, Warden,

    Respondent.

## OPINION AND ORDER

On June 1, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this case as time-barred. He again contends that the statute of limitations did not begin to run until ninety days after the Ohio Supreme Court dismissed his motion for delayed appeal, i.e., the time period within which he could have filed a petition for a writ of certiorari. Additionally, he states that he was "forced" to file a motion for delayed appeal with the Ohio Supreme Court because the Clerk of the Ohio Supreme Court returned his initial timely filed appeal for failure to comply with the Rules of the Ohio Supreme Court, see Exhibits to Traverse, and he appears to contend that his actual innocence may justify

equitable tolling of the statute of limitations. *See Objections; Traverse*.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. Petitioner's objections are not well taken. In view of *Lawrence v. Florida*, 549 U.S. 327 (2007), the statute of limitations was not tolled the ninety days after the Ohio Supreme Court dismissed petitioner's motion for delayed appeal. *See, e.g., Sudberry v. Warden, Southern Ohio Correctional Facility*, 626 F.Supp.2d 767, 772 (S.D. Ohio 2009); *Bustillos-Gonzalez v. Eberlin*, 2009 WL 414668 (N.D. Ohio January 8, 2009)(rejecting this argument). Further, the fact that petitioner failed to file a timely notice of appeal with the Ohio Supreme Court that complied with the Rules of the Ohio Supreme Court does not render this action timely. Finally, the record fails to reflect that petitioner's actual innocence justifies equitable tolling of the statute of limitations.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."*Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy

2

> eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard here.

For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge